671 F.2d 729
 Fed. Sec. L. Rep. P 98,457
William MALDONADO, Plaintiff-Appellant-Cross-Appellee,
v.
William H. FLYNN, Sam Israel, Jr., A. G. Gueymard, J. B.
Harrison, Ronald C. Lassiter, B. J. Mackin,
Michael R. Naess, Eugene F. Shiels,
Robert B. Wall, Defendants-Appellees,
and
Zapata Corporation, Defendant-Appellee-Cross-Appellant.
 Nos. 175, 523, Dockets 80-7221, 80-7253.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 17, 1981.
Decided Feb. 9, 1982.
 
 Bruce E. Gerstein, New York City (Bertram Bronzaft, Garwin, Bronzaft & Gerstein, New York City, of counsel), for plaintiff-appellant-cross-appellee.
 Thomas J. Kavaler, New York City (Thomas F. Curnin, P. Kevin Castel, Edward P. Krugman, Cahill, Gordon & Reindel, George A. Burrell, New York City, of counsel), for defendant-appellee-cross-appellant.
 Guy C. Quinlan, New York City (William R. Glendon, Rogers & Wells, New York City, of counsel), for defendants-appellees.
 Richard A. Kirby, Sp. Counsel, Securities and Exchange Com'n, Washington, D. C. (Ralph C. Ferrara, Gen. Counsel, Jacob H. Stillman, Associate Gen. Counsel, Robert Mills, Anne H. Sullivan, Securities and Exchange Com'n, Washington, D. C., of counsel), for amicus curiae.
 PER CURIAM:
 
 
 1
 The district court granted the motion of the defendant Zapata Corporation (Zapata) for summary judgment in this stockholder's derivative action brought on behalf of Zapata. For the reasons stated below, the judgment is reversed in part and the matter remanded to the district court for further consideration.
 
 
 2
 This is a stockholder's derivative suit brought on behalf of Zapata, a Delaware corporation, against nine of its past and present directors. The basis of the claim is that proxy materials used to secure the election of directors were allegedly false and misleading and violative of section 14(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78n(a) (1976).
 
 
 3
 The litigation involving alleged wrongdoing of certain directors of Zapata has a long history in this court, the United States District Court for the Southern District of Texas, and the state courts of Delaware.[1] For the purposes of this appeal, they need not be detailed.
 
 
 4
 Zapata's motion for summary judgment was based upon a business judgment determination by independent directors of Zapata that continuation of this action would be contrary to the best interests of the corporation on whose behalf it was brought.
 
 
 5
 In Burks v. Lasker, 441 U.S. 471, 99 S.Ct. 1831, 60 L.Ed.2d 404 (1979), the Supreme Court held, with respect to a suit under the Investment Company Act of 1940 and the Investment Advisers Act of 1940, that the district court must determine whether applicable state law permits such a termination, and if it does, whether such law is consistent with the policies of the federal laws upon which the action is based. This rule is equally applicable to the instant case.
 
 
 6
 Judge Weinfeld was forced to decide this case without the benefit of a Delaware state court decision on point. Judge Weinfeld held that under Delaware law, a corporation, on the direction of independent directors, may terminate a derivative action against other board members after a good faith investigation of the facts. In addition, Judge Weinfeld ruled that such a law was consistent with the applicable federal statutes. Finally, he found that the board members who conducted the investigation were truly independent, conducted a reasonable investigation, and reached their conclusion in good faith.
 
 
 7
 The appeal from this judgment was held in abeyance pending a determination by the Supreme Court of Delaware of a related appeal involving the same parties. That court, in Zapata Corp. v. Maldonado, 430 A.2d 779 (Del.1981), for the first time reviewed the law and the procedures to be followed in cases of this type. The decision is discussed at length in a parallel case decided today, Abramowitz v. Posner, --- F.2d ---- (2d Cir. 1982), and will not be outlined herein. We note only that the court drew a sharp distinction between cases in which demand is made on the corporation to sue on its own behalf and those in which such demand is excused due to futility. In the latter, as is the case here, the court held that in addition to finding that the board members directing termination of the litigation were independent and acted in good faith, the court also "should determine, applying its own independent business judgment, whether the motion should be granted." 430 A.2d at 789 (emphasis supplied). Accordingly, appellant Maldonado argues on appeal that the decision of the district court misconstrued Delaware law and must therefore be reversed.
 
 
 8
 In addition, in the aftermath of the district court decision, another problem has crept into this litigation. An action involving some of the same claims as pleaded here was settled and dismissed with prejudice by the district court for the Southern District of Texas. Maher v. Zapata Corp., Civ. Action No. H-79-234 (S.D.Tex., June 12, 1981). As a result, Zapata as well as the individual defendants in this action have urged us to bar this suit in its entirety under principles of res judicata.
 
 
 9
 At the outset, we observe that Judge Weinfeld has never had an opportunity to address the issue of res judicata. Moreover, the settlement of the Texas action has since been appealed to the Fifth Circuit. This case will therefore be remanded to allow Judge Weinfeld to determine in the first instance, after the Fifth Circuit has rendered its decision, what effect the Texas settlement has on this action.
 
 
 10
 Should Judge Weinfeld determine that all or part of this action is not precluded by the Texas settlement, he may proceed to apply Delaware law as enunciated in Zapata. To simplify this task, we provide the following guidance. We have already held in Abramowitz v. Posner, also filed today, that the Delaware law is consistent with the policies underlying section 10(b) of the Securities and Exchange Act of 1934. For the reasons set forth in Abramowitz as well as for the sound considerations discussed by Judge Weinfeld in his decision below, we hold that the Delaware law is consistent with the policies underlying section 14(a) as well. Moreover, we affirm Judge Weinfeld's findings that the board members who recommended termination of this suit acted truly independently and in good faith. Thus, all that remains for the district court, should it find that this suit is not barred by res judicata, is to determine, in its own independent business judgment, whether Zapata's motion to terminate this action should be granted.
 
 
 11
 Finally, Maldonado appeals from the district court order striking his jury demand. Maldonado v. Flynn, 477 F.Supp. 1007 (S.D.N.Y.1979). A petition by plaintiff for a writ of mandamus directed to that order was denied on April 12, 1979. Mandamus is the accepted method to review an order denying a claimed right of trial by jury. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Consequently, denial of the petition for mandamus in this matter is the law of the case. Furthermore, this court has cited with approval the decision below and the denial of the petition for the writ of mandamus. In re Gartenberg, 636 F.2d 16, 18 (2d Cir. 1980), cert. denied sub nom. Gartenberg v. Pollack, 451 U.S. 910, 101 S.Ct. 1979, 68 L.Ed.2d 298 (April 20, 1981).
 
 
 12
 The other objections raised do not warrant discussion.
 
 
 13
 The judgment is reversed in part and the case is remanded for proceedings in accordance with this opinion. In the meantime, this panel will retain jurisdiction for the purpose of hearing any appeal from the judgment to be entered after consideration by the district court on remand.
 
 
 
 [1]
 Maldonado v. Flynn, 448 F.Supp. 1032 (S.D.N.Y.1978), rev'd in part, 597 F.2d 789 (2d Cir. 1979); Maldonado v. Flynn, 477 F.Supp. 1007 (S.D.N.Y.1979), petition for mandamus denied sub nom. In re Maldonado, No. 79-3072 (2d Cir. Oct. 12, 1979); Maldonado v. Flynn, 485 F.Supp. 274 (S.D.N.Y.1980); Maher v. Zapata Corp., 490 F.Supp. 348 (S.D.Texas 1980); Maher v. Zapata Corp., Civ. Action No. H-79-234 (S.D.Texas, June 12, 1981), appeal docketed, No. 81-2261 (5th Cir. July 21, 1981); Maldonado v. Flynn, 413 A.2d 1251 (Del.Ch.1980), rev'd sub nom. Zapata Corp. v. Maldonado, 430 A.2d 779 (Del.1981)