William **MALDONADO**, Plaintiff,

v.

William H. **FLYNN**, Sam Israel, Jr., A.G. Gueymard, J.B. Harrison, Ronald C. Lassiter, B.J. Mackin, Michael R. Naess, Eugene F. Shiels, Robert B. Wall and Zapata Corporation, Defendants.

No. 77 Civ. 3180.

United States District Court, S.D. New York.

Nov. 3, 1983.

Garwin, Bronzaft & Gerstein, New York City, for plaintiff; Bruce E. Gerstein, New York City, of counsel.

Rogers & Wells, New York City, for individual defendants; Guy C. Quinlan, New York City, of counsel.

George A. Burrell, New York City, for defendant Zapata Corp.

Cahill, Gordon & Reindel, New York City, for the Independent Investigation Committee of defendant Zapata Corp.; Thomas J. Kavaler, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This action, and another commenced by the plaintiff, as well as a third action in which he appeared involving the Zapata Corporation ("Zapata"), have been the subject of numerous opinions in the District Courts of Texas and this District, the Courts of Appeals for the Second and Fifth Circuits, and the Chancery Court of Delaware and familiarity is assumed with the factual and other aspects of the various rulings.[1] The most recent opinion by the Fifth Circuit upheld an order approving settlement of a derivative action brought by other shareholders in the Texas court.[2] The settlement was opposed by these plaintiffs upon a claim that the judgment to be entered in the Texas suit had possible preclusive effects in this and the Delaware actions, and that the notice sent to the shareholders of the proposed settlement agreement was deficient in that respect. The Fifth Circuit Court of Appeals held that the notice was adequate and sufficiently informed the shareholders of the possible preclusive effects of the proposed settlement. The Court, based upon a ruling by our Court of Appeals, noted:

> When the instant appeal is decided, Judge Weinfeld, in accordance with the Second Circuit's remand, will proceed to determine first; whether any, all, or part of the New York action is precluded by the Texas settlement judgment, providing it is upheld by this Court, and then, if

necessary, whether, in his own independent business judgment, it is in the best interest of the Corporation to grant Zapata's motion for summary judgment based on the Investigation Committee's recommendation (already established to have been independent and appropriately arrived at in good faith) that the New York action be terminated.[3]

The Independent Investigation Committee of Zapata now moves to dismiss this action on the grounds of res judicata or, in the alternative, for a determination that in this Court's independent business judgment the continued maintenance of this action is contrary to Zapata's interest. Plaintiff, while opposing defendants' motions on the grounds advanced by them, nonetheless acknowledges that, based upon analysis of the issue of materiality, it is inappropriate "to proceed in the prosecution of the § 14a claims which are asserted before this Court" and that "as a result of the great delay caused by the many appeals in this case, time has rendered our § 14(a) claim moot." However, plaintiff insists that the Texas action is not res judicata and adheres to his original position that the Independent Committee's determination that the action should be dismissed is unsound and that this Court should so hold. He urges that the Court enter a voluntary dismissal under Fed.R.Civ.P. 41(a).

After ten years of extensive litigation in three trial and three appellate courts, involving tremendous legal and other expenses and the distraction of corporate officers from their assigned duties in furtherance of the corporate well being, the defendants are entitled to a determination upon the merits. The various opinions that have addressed plaintiff's basic and other claims and those that have considered his instant contentions render further discus-

1. *Maher v. Zapata Corp.,* 714 F.2d 436 (5th Cir. 1983); *Maldonado v. Flynn,* 413 A.2d 1251 (Del. Ch.1980); *Maldonado v. Flynn,* 417 A.2d 378 (Del.Ch.1980); *Zapata Corp. v. Maldonado,* 430 A.2d 779 (Del.Supr.1981); *Maldonado v. Flynn,* 448 F.Supp. 1032 (S.D.N.Y.1978); *Maldonado v. Flynn,* 597 F.2d 789 (2d Cir.1979); *Maldonado v. Flynn,* 477 F.Supp. 1007 (S.D.N.Y.1979); *Maldo-*

*nado v. Flynn,* 485 F.Supp. 274 (S.D.N.Y.1980); *Maldonado v. Flynn,* 671 F.2d 729 (2d Cir.1982).

2. *Maher v. Zapata Corp.,* 714 F.2d 436, 467 (5th Cir.1983).

3. *Id.* at 449.

sion of them a work of supererogation. I hold that the claims advanced in this action are precluded by the judgment entered upon the settlement in the Texas District Court and affirmed by the Court of Appeals. This should end inquiry, but to put the matter finally to rest, I make a further finding based upon my independent business judgment that it is in the best interest of the Zapata Corporation that the action be dismissed and that the Independent Investigation Committee's determination that this action was not in the Corporation's best interests and should be dismissed, was sound. Indeed, the Court finds that a continuance of this action would be wasteful and contrary to Zapata's interest and impose upon it additional expenses for legal fees without any discernible financial or other benefit to the corporation.[4] Further, it would distract key personnel from their corporate duties, which again would be contrary to its welfare.

Accordingly, judgment may be entered dismissing the action.